```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNITED STATES OF AMERICA            :        ORDER ON MOTION FOR
                                    :        REDUCTION OF SENTENCE
           -against-                :        UNDER 18 U.S.C. § 3582(c)(1)(A)
                                    :        (COMPASSIONATE RELEASE)
RAMON MEDINA,                       :
                                    :        Docket No.  02-cr-1243 (DLI)
                    Defendant.      :        USMS No.    74258-053
----------------------------------------------------------x
```

**Dora L. Irizarry, United States District Judge:**

Defendant Ramon Medina ("Defendant") moves for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) and the First Step Act. *See*, Def. Mot., Dkt. Entry No. 51. The Government and the U.S. Probation Department ("Probation") opposed the request. *See*, Govt. Opp., Dkt. Entry No. 54; Prob. Status Report ("SR"), Dkt. Entry No. 55. The Defendant replied and provided supplemental letters. *See*, Def. Rep., Dkt. Entry No. 56; Def. Letters dated March 23, 2021 and October 7, 2021, Dkt. Entry Nos. 57-58. The Government responded to Defendant's supplemental letters. *See*, Govt. Resp., Dkt. Entry No. 61. The Defendant submitted additional letters in support of his motion. *See*, Def. Letters dated November 17, 2021 and January 13, 2022, Dkt. Entry Nos. 63, 65. For the foregoing reasons, Defendant's motion is denied in its entirety.

## BACKGROUND

The Court assumes the parties' familiarity with the facts and procedural history of this case. On August 30, 2007, Defendant pled guilty to Count Four of the indictment, charging him with murder while engaged in a conspiracy to distribute and possess with intent to distribute heroin. *See*, Minute Entry dated August 30, 2007, Dkt. Entry No. 24; Tr. of Guilty Plea, Dkt. Entry No. 25. Specifically, Defendant stabbed the victim over an unpaid drug debt, resulting in his death. *Id.* On May 29, 2008, notwithstanding a U.S. Sentencing Guidelines ("Guidelines") range of 292 to 365 months, the late Honorable David G. Trager, then U.S. District Judge of this Court,

sentenced Defendant to the statutory minimum of 240 months of imprisonment and five years of supervised release with conditions. *See*, Judgment, Dkt. Entry No. 42. On February 18, 2020, a Final Order of Removal was issued by Immigration and Customs Enforcement ("ICE"), which will result in Defendant's eventual deportation to the Dominican Republic upon the conclusion of his current term of incarceration. *See*, SR at 1-2. Probation reports that Defendant's projected release date is May 4, 2022. *See*, *Id.* at 4.

## LEGAL STANDARD

A district court retains "broad" discretion in deciding motions for compassionate release. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). "[A]fter the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request . . . whichever is earlier," and if the Court finds "extraordinary and compelling reasons warrant such a reduction," then a court "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A)(i). "Such a reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The applicable Sentencing Guideline, § 1B1.13, is applicable only to those motions that the Bureau of Prisons ("BOP") has made, and "is not applicable to compassionate release motions brought by defendants." *See*, *Brooker*, 976 F.3d at 235-36. "A district court may, in exercising its broad discretion, rely on the CDC's guidance to determine whether certain health conditions constitute extraordinary and compelling reasons to warrant a sentence reduction." *United States v. Jaramillo*, 858 Fed. Appx. 418, 419 (2d Cir. 2021). In seeking a sentence reduction, the defendant "has the burden of showing that the circumstances warrant that decrease." *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992).

## DISCUSSION

As a threshold matter, the Court must consider whether Defendant exhausted his administrative rights within the BOP. Currently, Defendant is housed at Federal Correctional Institution Beckley ("FCI Beckley"). However, when he submitted his motion for a reduced sentence, he was housed at Moshannon Valley Correctional Institution. On July 14, 2020, Defendant submitted a request for Compassionate Release/Reduction in Sentence Request to the facility administrator of Moshannon Valley Correctional Institution, which, at the time, was a privately operated facility that contracted with the BOP. *See*, SR at 1. The facility administrator denied Defendant's request the following day. *See*, *Id.*; Moshannon Valley CI Denial Letter, Ex. A to the Decl. of Marshall Mintz ("Mintz. Decl."), Dkt. Entry No. 51-2. The BOP has not made any related request on Defendant's behalf since then, and more than thirty days have elapsed since Defendant's request. Therefore, Defendant has exhausted his administrative rights.

Next, the Court considers whether Defendant has presented sufficiently an "extraordinary and compelling reason" justifying a reduction in sentence. 18 U.S.C. § 3582(c)(1)(A). Defendant argues that his medical conditions, including asthma, hypertension, a history of smoking, hypothyroidism, benign prostatic hyperplasia, anxiety, and panic attacks, place him at an increased risk of suffering a severe illness due to COVID-19. However, Defendant does not provide any evidence beyond his attorney's claims in the memorandum of law that he suffers from hypertension or panic attacks or that he has a history of smoking. Moreover, the Center for Disease Control ("CDC") has not identified hypothyroidism, benign prostatic hyperplasia, anxiety, or panic attacks as medical conditions that place one at a greater risk of illness from COVID-19. *See*, *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated February 25, 2022)

("CDC Website").

Even assuming Defendant has hypertension, health conditions including hypertension, pre-diabetes, and obesity have been found not to constitute extraordinary and compelling reasons for compassionate release. *See*, *United States v. Sledge*, 851 Fed. Appx. 265, 266 (2d Cir. 2021). In *Sledge*, the defendant was not in imminent danger as his medical records showed his health conditions were well controlled, his facility lacked COVID-19 fatalities, and the facility had a low infection rate. *Id.* Here, the records submitted by Defendant and the Government do not suggest an imminent threat to Defendant's health. Rather, the records submitted show that Defendant, for disputed reasons, failed to appear for scheduled medical visits, but nonetheless had prescriptions renewed for nearly all of his documented medical conditions. *See*, Ex. A to Gov't November 12, 2021 Letter, Dkt. Entry No. 61-3. As further discussed below, Defendant's facility, FCI Beckley, has not had any COVID-19 fatalities and has a low infection rate. While the CDC advises that "*possibly* [having] high blood pressure (hypertension) can make you more likely to get very sick from COVID-19," the risk is far from a certainty. *See*, CDC Website (emphasis added); *Jaramillo*, 858 Fed. Appx. at 419 ("hypertension was only listed [by the CDC] as a condition that 'might' increase the risk" of severe illness from COVID-19). Accordingly, Defendant has failed to show that his alleged hypertension is a sufficient basis for a reduction of sentence.

While Defendant's asthma is supported by medical documentation, Defendant does not articulate the nature of his asthma, whether it is mild, moderate, severe, or uncontrolled. The CDC lists "'moderate-to-severe' asthma [and uncontrolled asthma] as a condition that 'can make [it] more likely' that a COVID-19 infection will result in severe illness." *United States v. Jones*, 17 F.4th 371, 375 (2d Cir. 2021) (quoting CDC Website). This CDC guidance remains current. However, Defendant's submitted medical records and the limited nature of his medication

4

instructions do not suggest that his condition is anything more than mild.  *See*, Health Services Clinical Encounter, Ex. A to Gov't November 12, 2021 Letter, Dkt. Entry No. 61-3.  Defendant has failed to demonstrate the severity of his asthma, leaving it "open to question."  *Jones*, 17 F.4th at 375 (affirming denial of motion for compassionate release).  Accordingly, Defendant has failed to show that his asthma is a sufficient basis for a reduction of sentence.

The CDC also advises that "[b]eing a current or former cigarette smoker can make you more likely to get very sick from COVID-19."  *See*, CDC Website.  However, Defendant has not provided sufficient evidence concerning his claimed history of smoking.  *See*, *United States v. Elliot*, 2020 WL 4381810, at *4 (E.D.N.Y. July 31, 2020) ("without supporting evidence, I cannot conclude that Elliot has met his burden to show that his purported [respiratory] symptoms [related to his history of smoking] amount to extraordinary and compelling reasons for his release").  "In any event, courts have found defendants' status as former smokers insufficient to constitute extraordinary and compelling circumstances, even with underlying health conditions *and even where the defendant also contracted COVID*-19 where, as here, the defendants suffered no significant ill health effects."  *United States v. Bush*, 2021 WL 199618, at *1 (S.D.N.Y. Jan. 20, 2021) (collecting cases) (emphasis in original).  Defendant does not claim any respiratory symptoms or other illness from smoking, and does not provide any evidence showing an actual increased risk from COVID-19.  Accordingly, Defendant has failed to show that his alleged history of smoking is a sufficient basis for a reduction of sentence.

A similar motion for compassionate release based on the COVID-19 pandemic was denied recently where the defendant was housed at FCI Beckley.  *See*, *United States v. Percell*, 2022 WL 224875, at *3 (M.D. N.C. Jan. 25, 2022).  The defendant in *Percell* had Type 2 diabetes and high blood pressure, both of which the court recognized made "it more likely to get severely ill from

COVID-19" per CDC guidance. *Id.* at *1 (citation omitted). The court observed that, as of January 24, 2022, FCI Beckley reported positive COVID-19 diagnoses for 10 out of 1,572 inmates and 1 staff member, while 1,156 inmates and 252 staff members had received two doses of the COVID-19 vaccine. *Id.* at *2 (citation omitted). While Percell's vaccination status was unknown, based on, *inter alia*, these statistics, the availability of vaccines, and BOP's efforts towards providing COVID-19 vaccine boosters to inmates, the court found a lack of extraordinary and compelling reasons. *Id.* at 3.

Here, as of March 18, 2022, the BOP reports that FCI Beckley has zero active COVID-19 cases, no COVID-19 related fatalities, and that 1,165 of its 1,549 inmates and 252 staff members have received both doses of the COVID-19 vaccine. *See*, *COVID-19 Coronavirus*, BOP, https://www.bop.gov/coronavirus/; *FCI Beckley*, BOP, https://www.bop.gov/locations/institutions/bec/. It appears that since the *Percell* court's decision, the conditions regarding COVID-19 at FCI Beckley have improved.

These improved conditions and low infection rates cut against Defendant's broad claim that imprisonment hinders the ability to adequately socially distance and take other self-protective measures from COVID-19. While this may be true generally, Defendant does not claim that his personal conditions of confinement have inhibited his ability to practice social distancing or take other precautions. Defendant offers no evidence in this regard, and merely makes a blanket statement that could apply to any or all inmates. Accordingly, this is not an extraordinary or compelling reason for compassionate release.

Defendant cites to several cases finding that the COVID-19 pandemic is an extraordinary and compelling reason for compassionate release. However, most of these cases were decided at the outset of the pandemic, before vaccines had been approved and made widely available to the

6

general public and inmates. The Court notes that Defendant has received two COVID-19 vaccine doses and that BOP either has offered or is in the process of offering booster shots to inmates. *See*, *COVID-19 Coronavirus*, BOP, https://www.bop.gov/coronavirus/.

Defendant has failed to demonstrate the existence or severity of his claimed medical conditions. For those conditions that are documented, Defendant has not demonstrated an inability to manage those conditions at FCI Beckley or any other immediate need requiring a sentence reduction in light of the low infection rates at the facility and his vaccination status. The Court has considered Defendant's other arguments in support of an extraordinary and compelling reason for release and finds them unpersuasive. Therefore, Defendant has not demonstrated an extraordinary and compelling reason for a reduction of his sentence.

As Defendant has not demonstrated extraordinary and compelling reasons to reduce his sentence, the Court need not address the § 3553(a) factors. *See*, *United States v. Jones*, 17 F.4th 371, 375 (2d Cir. 2021) (while analysis of § 3553(a) factors is helpful on appeal, "§ 3582(c)(1)(A) permits a district court to end its analysis if it determines that extraordinary and compelling reasons for granting the motion are absent"). "[E]xtraordinary and compelling reasons are necessary—but not sufficient—for a defendant to obtain relief under § 3582(c)(1)(A)." *Id.* at 374. "It follows that if a district court determines that one of those [§ 3582(c)(1)(A)] conditions is lacking, it need not address the remaining ones." *United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021).

Moreover, given the nature and severity of Defendant's crime, the § 3553(a) factors would not be served by a reduction in sentence. It is commendable that Defendant has not had disciplinary incidents in nearly nine years and has participated in a number of self-improvement programs. However, Defendant is incarcerated because he stabbed and murdered an individual as part of a heroin distribution conspiracy. Defendant was sentenced to a significantly below

7

Guidelines term of incarceration of 240 months, which was the mandatory minimum. A reduction of his sentence would undermine respect for the law and the deterrent purpose of his original sentence. Therefore, in this particular case, given the seriousness of the offense, the interests of punishment and deterrence would counsel against a reduction in sentence.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion for a reduction of sentence is denied.

SO ORDERED.

DATED:  Brooklyn, NY
           March 24, 2022

                                                                  /s/
                                        DORA L. IRIZARRY
                                  United States District Judge